UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:19-cv-08755-SB-PD                                              Date: March 29, 2021

Title     *Vaughn H. Whitmore v. Federal Bureau of Prisons, et al.,*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order to Show Cause Why Case Should Not be Dismissed for Failure to Prosecute**

On October 11, 2019, Plaintiff Vaughn H. Whitmore ("Plaintiff"), proceeding pro se, filed a civil rights complaint against the Federal Bureau of Prisons ("BOP") and Jaspal Dhaliwal, M.D., alleging that they violated his right to medical care under the Eighth Amendment.  [Dkt. Nos. 1; 4.]  Specifically, Plaintiff asserts that Defendants have "fail[ed] to provide [him] with a cure for his chronic Hepatitis C that they have available."  [Dkt. No. 1 at 1.]  Plaintiff alleges that Defendants are intentionally denying him medical care at the Federal Correctional Institution at Lompoc, California ("FCI Lompoc") through a "clinical guideline" that "go[es] against standard medical practice."  [*Id*. at 5.]

Plaintiff also filed a request to proceed without prepayment of the filing fees ("IFP Request").  [Dkt. No. 2.]  The Court granted Plaintiff's IFP Request.  [Dkt. No. 5.]

On October 11, 2019, the Clerk sent a "Notice of Judge Assignment and Reference to a United States Magistrate Judge" ("Notice") to Plaintiff at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:19-cv-08755-SB-PD                                              Date: March 29, 2021

Title     *Vaughn H. Whitmore v. Federal Bureau of Prisons, et al.,*

address he provided on the Complaint ("Address of Record"). [Dkt. No. 3.] The Notice expressly advised Plaintiff that he was required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his Address of Record was returned undelivered by the Post Office, and if the Court was not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution. [*Id.*]

On February 11, 2020, the Court issued an "Order Re Civil Rights Case" specifically cautioning Plaintiff that he must keep the Court apprised of his address at all times. [Dkt. No. 6.] The Court warned Plaintiff that his failure to inform the Court of his current address may result in the case being dismissed for failure to prosecute. *See* Local Rule 41-6*; Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). [*Id.* at 3.]

On October 16, 2020, Defendants filed and served a motion to dismiss Plaintiff's Complaint, or in the alternative, for summary judgment, with supporting points and authorities, declarations and exhibits, and Separate Statement of Uncontroverted Facts and Conclusions of Law (collectively, "Defendants' Motion to Dismiss or in the Alternative for Summary Judgment"). [Dkt. No. 32.]

On October 30, 2020, the Court issued a minute order setting a briefing schedule on Defendants' motion. [Dkt. No. 33.] The Court's order cautioned Plaintiff that his failure to file and serve a timely Opposition to Defendants' Summary Judgment Motion may result in the granting of the Summary Judgment Motion. [*Id.*]

On November 10, 2020, the minute order was returned in the mail to the court clerk with a notation "return to sender, not deliverable as addressed, unable to forward." [Dkt. No. 34.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:19-cv-08755-SB-PD                                                                 Date: March 29, 2021

Title        *Vaughn H. Whitmore v. Federal Bureau of Prisons, et al.,*

To date, the Court has not been updated on Plaintiff's current address. According to the BOP's inmate locator, Petitioner was released from the BOP's custody on January 22, 2021. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's October 30, 2020 and February 11, 2020 Orders. [*See* Dkt. Nos. 6; 33.]

However, in the interests of justice**, Plaintiff is ORDERED TO SHOW CAUSE on or before April 16, 2021,** why the Court should not recommend that this action be dismissed for failure to prosecute. Plaintiff may discharge this Order by filing: (1) a declaration signed under penalty of perjury, explaining why he failed to comply with the Court's October 30, 2020 and February 11, 2020 Orders; and (2) file an opposition to Defendants' motion.

Plaintiff is advised that the failure to timely comply with this order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| Initials of Preparer | im |